IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN BRADY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | |
| | ) | |
| CIGNA HEALTH AND LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Serve: MO Dept. of Insurance | ) | |
| 301 w. High Street, Rm 530 | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CIGNA BEHAVIORAL HEALTH, INC. | ) | |
| | ) | |
| Serve: CT Corporation System | ) | |
| 120 S. Central Ave | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CL SMITH COMPANY | ) | |
| | ) | |
| Serve: Nancy Smith, | ) | |
| 1311 s. 39th Street | ) | |
| St. Louis, Missouri 63110 | ) | |
| | ) | |
| Defendants. | ) | |

<u>COMPLAINT</u>
<u>EMPLOYEE RETIREMENT INCOME SECURITY ACT</u>

COMES NOW Plaintiff Susan Brady, by and through undersigned counsel, pursuant to the

Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq*., and for

her cause of action against defendant Defendants Cigna Health and Life Insurance Company,

Cigna Behavioral Health, Inc., and CL Smith Company (collectively "Defendants") respectfully states the following:

## Introduction

1.    Plaintiff brings this action, against Defendants for damages caused by the Defendants' breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2.    Ms. Brady seeks recovery and payment of benefits due under a healthcare benefits plan, statutory penalties, and costs and attorney's fees associated with this action, as provided by ERISA.

## Parties

3.    Susan Brady (hereinafter "Plaintiff" or "Ms. Brady") is an individual residing in the Eastern District of Missouri. She is a vested participant in a Group Insurance Policy for certain employees of CL Smith Company, which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a). Included in that benefit plan is medical insurance that provides medical coverage through Cigna for Plaintiff and her family, including Ms. Brady's adult son Nicholas Brady.

4.    Nicholas Brady ("Mr. Brady") is the natural child of Ms. Brady and has not yet reached the age of 26 is an eligible dependent under the policy and entitled to benefits.

5.    Defendant Cigna Health and Life Insurance Company (hereinafter "Cigna") provides health care coverage for certain employees – and their families – of CL Smith Company under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Cigna provides health insurance benefits.

6.      Cigna is an insurance company incorporated in Pennsylvania and is doing business in Missouri under a license to do business as a Foreign Insurance Company. Cigna administers and pays benefits under the terms of the Health Insurance Plan available to employees of CL Smith Company (hereinafter "The Plan"). Cigna is a fiduciary within the meaning of 29 U.S.C. §1002(16).

7.      Cigna Behavioral Health, Inc. (hereinafter "Cigna Behavioral Health") is a third party claims administer incorporated in Minnesota and hired by Cigna to manage the claims at issue in this Complaint.

8.      CL Smith Company is a Missouri Corporation and serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

9.      It is the goal of the Plan to provide healthcare benefits to eligible employees and their eligible dependents.

10.     All Defendants are fiduciaries of Plaintiff under the meaning of 29 U.S.C. § 1104.

## Facts Common to All Claims

11.     Plaintiff's son Nicholas Brady is diagnosed with Autism Spectrum Disorder and depression and has a history of difficulties adjusting in social situations, erratic behavior and self harm.  On two separate occasions Mr. Brady has attempted to commit suicide.

12.     Both depression and Autism Spectrum Disorder as mental health conditions under 29 U.S.C. §1185(a).

13.     Throughout the early parts of 2018 Mr. Brady's conditioned significantly deteriorated, resulting in periods of hospitalization, time in a transitional home, attempted suicide, leaving home for days at a time, self-harm, illegal drug use, and refusal to take his prescribed medications – in short, in-patient and out-patient care available to Mr. Brady in St. Louis were no longer effective and he had become a harm to himself and others.

14. At the suggestion of one of Mr. Brady's therapist, Plaintiff began considering outdoor behavioral residential therapy for Mr. Brady at Evoke at Entrada.

15. Evoke at Entrada is a legally licensed mental health, behavioral health and drug abuse in-patient facility that specializes in outdoor behavioral healthcare and wilderness therapy. All care offered by Evoke at Entrada is managed by licensed medical doctors and psychologists.

16. Outdoor behavioral healthcare (OBH) or Wilderness therapy is intensive in-patient therapy that takes place outside. OBH uses individual and group therapy sessions to allow for clinical assessment, identification of treatment goals and the establishment a appropriate course of treatment. The therapy is augmented by the requirements of teamwork, participation and routine necessitated by the participants backpacking in the backcountry to help foster the participants involvement in the therapy and accountability in the maintenance of his or her care.

17. Numerous studies of have been conducted - including a meta-analysis of clinical effectiveness – that demonstrate that OBH can be more effective than routine in patient mental health treatment.

18. The Plan provides coverage for OBH, as Part B – Open Access Plus Medical benefits under the heading of Mental Health, states as follows:

> **Inpatient** – the Plan covers services that are provided by a Hospital while you or your Dependent (the Member) is confined in a Hospital for the treatment and evaluation of mental health. Inpatient mental health treatment includes Residential Treatment Services.
>
> Residential Treatment services are services provided by a Hospital for the evaluation and treatment of psychological and social functional disturbances that are a result of subacute mental health conditions.
>
> A Residential Treatment Services Treatment Center is an institution that specializes in the treatment of psychological and social disturbances that are a result of mental health conditions; provides a subacute, structured, psychotherapeutic treatment program, under

doctor supervision ; provides 24-hour care, in which a person lives in an open setting; and is licensed in accordance with the laws of the appropriate legally authorized agency as a residential treatment center.

Where the Plan defines Hospital as:

An institution:

- Which specializes in treatment of mental health or substance use or other related illness; provides residential treatment programs; and is licensed in accordance with he laws of the appropriate legally authorized agency.

19.     On October 3, 2018, prior to enrolling Mr. Brady for therapy at Evoke Entrada, Ms. Brady contacted Cigna via phone to inquire into coverage for the OBH therapy and whether it was covered under the Plan – An employee of Cigna confirmed that treatment at Entrada was covered under the plan.

20.     Mr. Brady received inpatient therapy at Entrada from October 16, 2018 through December 31, 2018.

21.     Cigna denied coverage for the OBH.

22.     On April 11, 2019, with the assistance of the Mental Health & Autism Insruacne Project, Ms. Brady appealed the denial of coverage for the in-patient therapy.

23.     Cigna sent the appeal to Cigna Behavioral Health for review.

24.     Cigna Behavioral Health denied the appeal on July 2, 2019. The stated reason for denial being that "There is insufficient scientific evidence to demonstrate the safety and/or effectiveness of Wilderness Therapy Programs."

25.     A second appeal was filed on December 19, 2019, which included studies and peer review literature discussing the efficacy of OBH which indicated that the treatment was not only

effective but also a commonly prescribed therapy in instances where customary in-patient therapy and medical treatment have failed.

26.    Cigna Behavioral Health denied the second appeal on January 6, 2020, again the stated reason for denial was "insufficient scientific evidence to demonstrate the safety and/or effectiveness of Wilderness Therapy Programs."

27.    Cigna Behavioral Health's review of both appeals relied solely upon the opinion of its employee physicians.

28.    At all times herein §376.1550 of the Revised Missouri Statutes was in effect in the State of Missouri.

29.    Section 376.1550 R.S.Mo. mandates that each health carrier that offers or issues health benefit plans must provide parity in coverage for the treatment of mental and physical health conditions.

## COUNT I
### Wrongful denial of Benefits pursuant 29 U.S.C. § 1132(a)(1)(b)
### Brought Against all Defendants

30.    Plaintiff incorporates by reference paragraphs 1-24 above as if fully set forth herein.

31.    The objective evidence contained in the claim file demonstrates that OBH care offered at Evoke Entrada is:

    a.   Medically appropriate;

    b.   Scientifically proven to be effective;

    c.   Conducted at Hospital, as defined by the Plan;

    d.   Managed by licensed medical doctors and psychiatrists;

    e.   Provided in accordance with applicable medical standards;

    f.   Known to be effective; and

g. Warranted and consistent with Mr. Brady's deteriorating condition.

32. In determining whether to pay for the OBH treatment Defendants:

   a. Failed to adequately investigate the claim for benefits by not reviewing the exentsive scientific support for the efficacy of OBH.

   b. Failed to use proper judgment in determining coverage for the OBH by relying solely upon the opinion of its inhouse "Medical Director Reviewer, MD" to determine that OBH is not sufficiently supported or accepted.

   c. Failed to consider the objective empirical evidence that the OBH is a customary and accepted treatment.

   d. Failed to take precautions to shield itself from the inherent conflict of interest presented by being both the payer and decider of claims.

   e. Relied upon unfair, biased, and inconclusive reviews of treatment options.

33. The actions outlined in Paragraph 27 amounts to egregious conduct and oversights in the review – and ultimate denial – of the claim for benefits to pay for the OBH and resulted in the wrongful denial of payment for the OBH treatment.

34. The actions outlined in Paragraph 27 constitute evidence of a palpable conflicts of interest or serious procedural irregularities that resulted in the wrongful denial of coverage for the OBH.

35. Defendants' denial of payment for the OBH was an abuse of discretion and not based on the substantial objective evidence and was the byproduct of breaches of the fiduciary duties owed to Plaintiff, conflicts of interest, and serious procedural irregularities.

36. The OBH treatment is covered by the Plan and as such, Defendants are required to pay for the OBH treatment, together with prejudgment interest, attorney's fees and costs.

WHEREFORE Plaintiff respectfully prays for judgment against Defendants Cigna Health and Life Insurance Company, Cigna Behavioral Health, Inc., and CL Smith Company granting equitable relief including payment of the amount of the treatment at Evoke Entrada, interest on past due sums, attorney fees and costs, and for any other such relief as this Court deems just and proper under the circumstances.

## COUNT II
### Breach of Fiduciary Duty Pursuant to 29 U.S.C. §1132(a)(3)
### Brought Against Defendants Cigna Health and Life Insurance Company
### and CL Smith Company

37.    Plaintiff incorporates by reference paragraphs 1-35 above as if fully set forth herein.

38.    Pursuant to 29 U.S.C. § 1104 Cigna and CL Smith are both fiduciaries of Plaintiff.

39.    As a fiduciaries, Cigna and CL Smith Company owed Plaintiff the twin duties of loyalty and prudence and are obligated to make decisions regarding claims for benefits in favor of awarding benefits under the Plan.

40.    In determining whether to pay for the OHB treatment Cigna, acting on behalf of CL Smith Company:

    a.   Failed to adequately investigate the claim for benefits by not reviewing the extensive scientific support for the efficacy of OBH.

    b.   Failed to use proper judgment in determining coverage for the OBH by relying solely upon the opinion of its inhouse "Medical Director Reviewer, MD" to determine that OBH is not sufficiently supported or accepted.

    c.   Failed to consider the objective empirical evidence that the OBH is a customary and accepted treatment.

    d.   Failed to take precautions to shield itself from the inherent conflict of interest presented by being both the payer and decider of claims.

e.  Relied upon unfair, biased, and inconclusive reviews of treatment options.

f.  Wrongfully delegated its authority to determine Plan benefits to Defendant Cigna Behavioral Health.

g.  Breached the federal healthcare parity law, 29 U.S.C. §1185(a) et seq., by denying coverage for the OBH.

41.  The actions alleged in paragraph 40 all constitute breaches of the fiduciary duties owed by Cigna to Plaintiff and all beneficiaries under the Plan.

42.  The failures and actions alleged in paragraph 40 demonstrate failures in the administration of the Plan, that are the result and byproduct of conflicts of interest and procedural irregularities.

43.  As a result of this conflict of interest, as demonstrated by the breaches of fiduciary duty and procedural irregularities outlined above, Cigna and CL Smith Company have failed to implement appropriate process and procedures to fully and fairly evaluate claims under the Plan thus has further breached its duty of loyalty owed to Plan beneficiaries such as Ms. Brady and her eligible dependent Mr. Brady.

44.  The only way to prevent further violations of fiduciary duties is for Cigna to change its claim review practices and procedures to eliminate all conflicts of interest and violations of 29 U.S.C. § 1001 et seq.

WHEREFORE Plaintiff respectfully prays for judgment against Defendants Cigna Health and Life Insurance Company and CL Smith Company granting equitable relief of enjoining continued review of any claims under the current process and procedures currently in place, mandating the drafting of new processes and procedures that correlate to the goals of the CL Smith Company benefit Plan and 29 U.S.C. 1001 et seq., and a remand Nicholas Brady's claim of benefits

for review under the revised processes and procedures, as well as attorney fees and costs incurred herein, and for any other such equitable relief as this Court deems just and proper under the circumstances.

**COUNT III**
**Breach of Fiduciary Duty Pursuant to 29 U.S.C. §1132(a)(3)**
**Brought Against Defendant Cigna Behavioral Health Inc.**

45.     Plaintiff incorporates by reference paragraphs 1-44 above as if fully set forth herein.

46.     Pursuant to 29 U.S.C. § 1104 Cigna Behavioral Health is a fiduciary of Plaintiff.

47.     As a fiduciary, Cigna Behavioral Health owed Plaintiff the duty of loyalty and is obligated to make decisions regarding his claims for benefits in favor of awarding benefits under the Plan.

48.     In determining whether to pay for the OBH treatment Cigna Behavioral Health:

   a.   Failed to adequately investigate the claim for benefits by not reviewing the extensive scientific support for the efficacy of OBH.

   b.   Failed to use proper judgment in determining coverage for the OBH by relying solely upon the opinion of its inhouse "Medical Director Reviewer, MD" to determine that OBH is not sufficiently supported or accepted.

   c.   Failed to consider the objective empirical evidence that the OBH is a customary and accepted treatment.

   d.   Failed to take precautions to shield itself from the inherent conflict of interest presented by being both the payer and decider of claims.

   e.   Relied upon unfair, biased, and inconclusive reviews of treatment options.

   f.   Breached the Federal healthcare parity law, 29 U.S.C. §1185(a) et seq., by denying coverage for the OBH.

49. The actions alleged in paragraph 48 all constitute breaches of the fiduciary duties owed by Cigna to Plaintiff and all beneficiaries under the Plan.

50. The failures and actions alleged in paragraph 48 demonstrate failures in the administration of the Plan, that are the result and byproduct of conflicts of interest and procedural irregularities.

51. As a result of these conflicts of interest and procedural irregularities, as demonstrated by the breaches of fiduciary duty outlined above, Cigna has failed to implement appropriate process and procedures to fully and fairly evaluate claims under the Plan and thus has further breached its duty of loyalty owed to Plan beneficiaries such as Ms. Brady and her eligible dependent Mr. Brady.

52. The only way to prevent further violations of fiduciary duties is for Cigna Behavioral Health to change its claim review practices and procedures to eliminate all conflicts of interest and violations of 29 U.S.C. § 1001 et seq.

WHEREFORE Plaintiff respectfully prays for judgment against Defendant Cigna Behavioral Health, Inc. granting equitable relief of enjoining continued review of any claims under the current process and procedures currently in place, mandating the drafting of new processes and procedures that correlate to the goals of the CL Smith Company benefit Plan and 29 U.S.C. 1001 et seq., and a remand Nicholas Brady's claim of benefits for review under the revised processes and procedures, as well as attorney fees and costs incurred herein, and for any other such equitable relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*